UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 14-358(DSD/JJK)

United States of America,

       Plaintiff,

v.                                                 **ORDER**

Roxanne Merrell,

       Defendant.

       Katharine T. Buzicky, Assistant U.S. Attorney, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

       Deborah K. Ellis, Esq., Ellis Law Office, 101 East Fifth Street, Suite 2626, St. Paul, MN 55101, counsel for defendant.

This matter is before the court upon the objections by defendant Roxanne Merrell to the January 23, 2015, report and recommendation (R&R) of United States Magistrate Judge Jeffrey J. Keyes. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court overrules the objections.

**BACKGROUND**

The background of this matter is fully set forth in the R&R, and the court incorporates those facts by reference.[1] The

---

[1] Neither party objects to the facts as set forth in the R&R.

magistrate judge recommended that the court grant in part Merrell's motion to suppress as follows: (1) grant Merrell's request to suppress statements made to Special Agent Drengson at the Cottage Grove Police Station on March 14, 2014; (2) deny Merrell's request to suppress statements made to law enforcement at her home on March 14, 2014; and (3) deny Merrell's request to suppress forty-seven photographs taken of her hands as beyond the scope of the search warrant.  The government does not object to the recommendation that Merrell's statements to Drengson at the police station be suppressed.  Merrell objects to the latter two recommendations.

## DISCUSSION

The court reviews the report and recommendation of the magistrate judge de novo.  28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b); D. Minn. LR 72.2(b).

I.   **Statements to Officers at Merrell's Home**

Merrell first objects to the magistrate judge's recommendation that her statements to officers while at her home not be suppressed.  Merrell argues that the statements were the product of a custodial interrogation and should be suppressed because she was not read her Miranda rights.  Specifically, Merrell argues that the magistrate judge erred because Drengson called her and told her to

2

come home to speak with officers,[2] three officers asked her questions, she was not left alone while officers searched her home, and she was not told that her cooperation was voluntary. The magistrate judge, having reviewed the audio recording of the interview, determined that under the totality of the circumstances, Merrell was not in custody when she made the incriminating statements at her home. The court agrees.

"Officers must inform suspects of their Miranda rights before subjecting them to custodial interrogations. Failure to do so results in a violation of the suspect's Fifth Amendment rights and renders any statement gained from the violation inadmissible in the government's case-in-chief." United States v. Sanchez, 676 F.3d 627, 630 (8th Cir. 2012) (citation omitted). In determining whether an interrogation was custodial, the court considers several factors, including:

> (1) whether the suspect was informed at the time of questioning that the questioning was voluntary, that the suspect was free to leave or request the officers to do so, or that the suspect was not considered under arrest; (2) whether the suspect possessed unrestrained freedom of movement during questioning; (3) whether the suspect initiated contact with authorities or voluntarily acquiesced to official requests to respond to questions; (4) whether strong arm tactics or deceptive stratagems were employed during questioning; (5) whether the atmosphere of the questioning

---

[2] There is a dispute as to whether Drengson asked Merrell to come home or told her to do so. It is undisputed, however, that Merrell voluntarily returned to her home to speak with officers.

> was police dominated; [and,] (6) whether the suspect was placed under arrest at the termination of the questioning.

United States v. Griffin, 922 F.2d 1343, 1349 (8th Cir. 1990). "The analysis depends upon a review of the totality of the circumstances, and [t]he ultimate test is whether a reasonable person in that position would have felt free to end the interview." Sanchez, 676 F.3d at 630-31 (alteration in original) (citation and internal quotation marks omitted).

Here, although it appears that the officers never informed Merrell that the questioning was voluntary or that she was free to leave, the totality of the circumstances supports a finding that the interview was not a custodial interrogation. First, there is no evidence that the officers verbally or physically intimidated Merrell. Second, Merrell never asked the officers to end the interview. Third, the interview was not unduly long or arduous; the interview lasted 40-45 minutes and officers did not indicate that they would continue the interview until Merrell responded in a particular way. Fourth, the officers interviewed Merrell at her home and allowed her to dictate the location of the interview; for example, officers agreed to talk to Merrell outside so that she could smoke a cigarette and allowed her to decline the invitation to speak in a squad car to stay warm. Fifth, the interview was conversational in tone. Finally, and importantly, Merrell was not arrested after the interview. See United States v. Galceran, 301

F.3d 927, 931 (8th Cir. 2002) ("Lack of arrest is a 'very important' factor weighing against custody."). Given these facts, the court cannot conclude that Merrell's interview constituted a custodial interrogation. As a result, the court overrules Merrell's objection as to the statements made to officers at her home.

**II. Photographs**

Merrell next objects to the magistrate judge's recommendation that the forty-seven photographs of her hands not be suppressed. Specifically, Merrell argues that Drengson exceeded the scope of the search warrant by posing her hands to replicate poses in comparative photographs. The magistrate judge determined that the photographs were consistent with the warrant, which permitted "body views and photography of [Merrell's] hands." See Gov't Ex. 2. The court agrees. The warrant permitted officers to photograph Merrell's hands without limitation. Moreover, there is nothing unreasonable about the officer's decision to pose her hands in ways that would allow comparison to the underlying evidence. As a result, this objection is also overruled.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that:

1. The R&R [ECF No. 39] is adopted in its entirety;

5

2. Defendant's objections to the report and recommendation [ECF No. 43] are overruled;

3. Defendant's motion to suppress statements [ECF No. 22] is granted in part as follows:

    a. Defendant's statements made to Special Agent Drengson at the Cottage Grove Police Department on March 14, 2014, are suppressed; and

    b. Defendant's statements made to law enforcement officers at her home on March 14, 2014, are admissible;

4. Defendant's motion to suppress evidence [ECF No. 23] is denied; and

5. Defendant's motion to dismiss based on undue delay [ECF No. 27] is denied.

Dated:  February 20, 2015

                                    s/David S. Doty
                                    David S. Doty, Judge
                                    United States District Court