```
            UNITED STATES DISTRICT COURT
               DISTRICT OF MINNESOTA
            Criminal No. 14-358(DSD/JJK)
```

United States of America,

        Plaintiff,

v.                                                    **ORDER**

Roxanne Merrell,

        Defendant.

    Katharine T. Buzicky, United States Attorney's Office, 300 South 4th Street, Suite 600, Minneapolis, MN 55415, counsel for plaintiff.

    Roxanne Merrell, 18267-041, Federal Correctional Institution, Unit D, P.O. Box 1731, Waseca, MN 56093, defendant pro se.

This matter is before the court upon the pro se motion by defendant Roxanne Merrell to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. Based upon a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion and denies a certificate of appealability.

## BACKGROUND

On March 12, 2015, a jury found Merrell guilty of two counts of production of child pornography, in violation of 18 U.S.C. §§ 2251(a) and (e). Although Merrell faced a sentence of 360 months' imprisonment under the Guidelines, the court applied a downward variance and sentenced her to 240 months' imprisonment on

each count to run concurrently.[1] Merrell unsuccessfully appealed her conviction and sentence to the Eighth Circuit Court of Appeals. See United States v. Merrell, 842 F.3d 577 (8th Cir. 2016). Merrell now moves for relief under § 2255, arguing that her counsel was ineffective during trial and at sentencing and that the court erred in admitting certain evidence in the trial.

## DISCUSSION

Section 2255 provides a federal inmate with a limited opportunity to challenge the constitutionality, legality, or jurisdictional basis of a sentence imposed by the court. This collateral relief is an extraordinary remedy, reserved for violations of constitutional rights that could not have been raised on direct appeal. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). When considering a § 2255 motion, a court may hold an evidentiary hearing. See 28 U.S.C. § 2255(b). A hearing is not required, however, when "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (citation and internal quotation

---

[1] The counts of conviction also carried a mandatory minimum sentence of fifteen years.

marks omitted).  Here, no hearing is required because the stated grounds for relief are facially meritless.

## I. Ineffective Assistance of Counsel

To establish a claim of ineffective assistance of counsel, Merrell must meet both prongs of the test set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).  First, Merrell must show that her counsel's performance was so deficient that it fell below the level of representation guaranteed by the Sixth Amendment.  <u>Id.</u> at 687.  Second, she must establish prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different."  <u>Id.</u> at 694.

### A. Witnesses

Merrell first argues that her counsel was ineffective in failing to call certain witnesses on her behalf at trial who could attest to her character and mental state.  She also argues that her counsel failed to interview witnesses with exculpatory information before trial.  As to the latter argument, Merrell's claim fails because she provides no detail as to the nature of the alleged exculpatory information.  As to the former, it is well established that the "decision not to call witnesses is a 'virtually unchallengeable' decision of trial strategy."  <u>United States v. Staples</u>, 410 F.3d 484, 488 (8th Cir. 2005) (quoting <u>United States v. Davidson</u>, 122 F.3d 531, 538 (8th Cir. 1997)).  Merrell has failed to establish that her counsel's decision not to call certain

witnesses was either unreasonable or outcome determinative. There was ample evidence to support the conviction, including Merrell's confession, which would not have been undermined by testimony from witnesses attesting to her character or mental state.[2]

### B.  Sentencing

Merrell next argues that her counsel improperly advised her that she would only receive a fifteen-year sentence if she went to trial and that her counsel did not adequately prepare for sentencing. She also argues that her counsel rejected an offer from the government to plead guilty to transportation of child pornography, which would have carried a five-year, rather than fifteen-year, mandatory minimum sentence.

The right to effective assistance of counsel "extends to the plea-bargaining process such that 'if a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it.'" Allen v. United States, 854 F.3d 428, 432 (8th Cir. 2017) (quoting Lafler v. Cooper, 566 U.S. 156, 168 (2012)). Merrell "must demonstrate a

---

[2] Merrell also argues that her counsel was ineffective for failing to call a mental-health expert on her behalf. Her failure to provide any detail as to what such an expert would have said or how such testimony would have changed the outcome of the case is fatal to her claim. See United States v. Saunders, 236 F.3d 950, 953 (8th Cir. 2001) (quoting McCauley-Bey v. Delo, 97 F.3d 1104, 1106 (8th Cir. 1996)) ("There is no way for [the court] to consider the credibility ('including the likely impeachment') of phantom witnesses, and without an idea of what their testimony might be, we cannot analyze their 'interplay ... with the actual defense witnesses called.'").

substantial likelihood that (1) [s]he would have accepted the offer to plead pursuant to the earlier proposed terms, (2) neither the prosecution nor the trial court would have prevented the offer from being accepted, and (3) the plea terms would have been less severe under the judgment and sentence that were actually imposed." Id. Merrell cannot meet this standard. First, there is no support for her contention that she was offered a chance to plead guilty to transportation of child pornography. The only offer on record would have allowed her to plead guilty to one count of production of child pornography in exchange for dismissal of the remaining count at sentencing. ECF No. 129-1. Second, the record establishes that she consistently rejected the actual plea deal offered, including at the pre-trial conference. Third, there is no evidence that the sentence would have been lower had she pleaded guilty under the terms offered to her. She ultimately received a 240-month sentence that, although above the fifteen-year mandatory minimum, was well below the guidelines sentence of 360 months. Indeed, the proposed plea agreement contemplated a guidelines range of 262-327 months. Id. at 5. Nor is there support for Merrell's argument that her counsel did not adequately prepare for sentencing. Her counsel zealously advocated for a 180-month sentence and also submitted numerous letters on her behalf in advance of sentencing. See ECF Nos. 81 and 86. Her counsel was equally prepared for the sentencing hearing itself. The sentence

imposed reflects the nature and circumstances of the crimes Merrell committed, not any shortcoming by her counsel.

## II. Other Grounds

Merrell also argues that her counsel was deficient because during trial she did not (1) object to the admission of photographs of Merrell's hands, (2) challenge one of the government's witnesses under Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579 (1993), (3) challenge the scope of the search warrant, and (4) object to her audio-taped confession. She further argues that the court should have suppressed the photographs of her hands taken by the case agent, should not have excluded the victim's recorded statement, should have included a jury instruction defining the term "lascivious," and imposed a substantively unreasonable sentence. All of these issues were raised, unsuccessfully, or could have been raised on appeal. See Merrell, 842 F.3d at 581-85. As a result, they are not properly before the court. See Bear Stops v. United States, 339 F.3d 777, 780 (8th Cir. 2003) ("[C]laims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255."); Anderson v. United States, 25 F.3d 704, 706 (8th Cir. 1994) ("A petitioner simply cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not."). Merrell's motion is denied.

**III. Certificate of Appealability**

To warrant a certificate of appealability, a defendant must make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). A "substantial showing" requires a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). As discussed, the court is firmly convinced that Merrell's motion is baseless, and that reasonable jurists could not differ on the results given the nature of defendant's arguments. A certificate of appealability is not warranted.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to vacate, set aside, or correct sentence [ECF No. 127] is denied; and

2. Pursuant to 28 U.S.C. § 2253, the court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: January 3, 2017

                                          s/David S. Doty
                                          David S. Doty, Judge
                                          United States District Court